**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| HAMMERMAN & GAINER, INC. | CIVIL ACTION |
| VERSUS | NO: 17-4780 |
| CITY OF NEW ORLEANS, ET AL. | SECTION: "H"(2) |

## ORDER AND REASONS

Before the Court is Plaintiff's Motion to Remand. For the following reasons, this Motion is **GRANTED**. The matter is **REMANDED** to the Civil District Court for the Parish of Orleans.

## BACKGROUND

This suit stems from a Request for Proposals ("RFP") for selection of a Workers' Compensation Claims Administrator issued by Defendant the City of New Orleans (the "City") in November 2016. Plaintiff Hammerman & Gainer, Inc. ("HGI") was the incumbent bidder on the contract; however, the City's selection committee selected a proposal submitted by Defendant CorVel Enterprise Comp, Inc. ("CorVel") as the winning bidder. HGI filed a protest

1

with the City averring that it misapplied provisions relative to Disadvantaged Business Entities in the RFP. The City rejected this protest, and HGI filed suit in the Civil District Court for the Parish of Orleans on April 7, 2017. Therein, Plaintiff asserted claims that (1) the City violated its own laws and procedures in failing to properly follow selection criteria in handling the RFP and (2) that Defendant Adolph Delaparte violated 42 U.S.C. § 1983 by making false statements regarding HGI's application to deprive it of its Constitutional rights. Plaintiff subsequently amended its Petition to assert a state law tort claim against CorVel. Following substantial proceedings in state court, the City removed the action to this Court on May 8, 2017, citing the Court's federal question jurisdiction based on the § 1983 claim. Plaintiff immediately moved for a temporary restraining order, which this Court denied. Plaintiff then voluntarily dismissed his § 1983 claim against Delaparte. This Motion to Remand follows.

## LEGAL STANDARD

Generally, a defendant may remove a civil state court action to federal court if the federal court has original jurisdiction over the action.[1] The burden is on the removing party to show "[t]hat federal jurisdiction exists and that removal was proper."[2] When determining whether federal jurisdiction exists, courts consider "[t]he claims in the state court petition as they existed at the time of removal."[3] "In making a jurisdictional assessment, a federal court is not limited to the pleadings; it may look to any record evidence, and may receive affidavits, deposition testimony or live testimony concerning the facts

---

[1] 28 U.S.C. § 1441(a).
[2] *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).
[3] *Id.*

2

underlying the citizenship of the parties."[4]  Removal statutes should be strictly construed, and any doubt should be resolved in favor of remand.[5]

## LAW AND ANALYSIS

Plaintiff has filed the instant Motion to Remand, arguing that the dismissal of the § 1983 claim against Defendant Delaparte deprives the Court of jurisdiction and necessitates remand.  Defendants respond in opposition, arguing (1) removal was proper because the federal question claims existed at the time of removal; (2) that a federal claim remains pending despite dismissal of the § 1983 claim against Delaparte; (3) even if the federal claims are dismissed, the Court should exercise its discretion and retain supplemental jurisdiction over the remaining state law claims.  The Court will address these arguments in turn.

### I. Propriety of Original Removal

Defendants contend that Plaintiff's subsequent dismissal of the claims within the Court's original jurisdiction does not by itself warrant remand.  This contention is correct.  "[J]urisdictional facts are determined at the time of removal, and consequently post-removal events do not affect that properly established jurisdiction."[6]  It appears undisputed that, at the time of removal, Plaintiff asserted a § 1983 claim against Defendant Delaparte.  Accordingly, removal of this action was appropriate.

### II. Whether Federal Question Claims Remain

Defendants next contend that remand is inappropriate because federal question claims remain despite Plaintiff's dismissal of the § 1983 claims

---

[4] *Coury v. Prot*, 85 F.3d 244, 249 (5th Cir. 1996).
[5] *Id.*
[6] *Louisiana v. Am. Nat. Prop. Cas. C*o., 746 F.3d 633, 636 (5th Cir. 2014).

against Delaparte. In support of this contention, they point to (1) Plaintiff's allegation that the City deprived them of a "federally-protected property right" and (2) Plaintiff's respondeat superior claims against the City based on Delaparte's conduct. The Court perceives no such federal claim. "Where removal jurisdiction is predicated on the existence of a federal question, the federal question generally must appear on the face of the plaintiff's complaint."[7] Though Plaintiff does allege that it holds a federally protected property right, this, standing alone, is insufficient to state a claim for violation of federal law. "The Fourteenth Amendment also requires that the plaintiff, in order to establish a constitutional violation, prove that the deprivation of the property right occurred without due process of law."[8] The Petition contains no such allegation. Indeed, the Fifth Circuit has held, in the context of bidding on public contracts, that due process requirements are satisfied by the availability of relief via a state-court injunction.[9] Plaintiff was seeking just such relief when this action was removed. Accordingly, because there is no allegation in the Petition that the available process is in any way deficient, there is no federal question claim.

Defendants' argument relative to the City's respondeat superior liability also fails. Plaintiff's Petition alleged that "the City of New Orleans is responsible for the actions of its employee and agent, Adolph Delaparte under the legal theory of *Respondeat Superior*." Notwithstanding the fact that respondeat superior liability is inapplicable in § 1983 cases,[10] any such claims against the City would be premised on a finding of liability on the part of

---

[7] *Baker v. Farmers Elec. Co-op., Inc.*, 34 F.3d 274, 278 (5th Cir. 1994).
[8] *Marco Outdoor Advert., Inc. v. Reg'l Transit Auth.*, 489 F.3d 669, 672 (5th Cir. 2007).
[9] *Id.*
[10] *Thompkins v. Belt*, 828 F.2d 298, 303 (5th Cir. 1987).

Delaparte. Such a finding is precluded by the dismissal of the claims against him. Because there remains no claim against Delaparte for which the city can be held liable, no federal question is presented on this front.

### III. Whether the Exercise of Supplemental Jurisdiction is Appropriate

Though the dismissal of all federal claims within original jurisdiction does not automatically warrant remand of the remaining claims, the Court will now consider whether the exercise of supplemental jurisdiction is appropriate. When all federal claims are dismissed or otherwise eliminated before trial, the court should generally decline to exercise supplemental jurisdiction over any remaining state law claims.[11] In deciding whether to continue exercising jurisdiction, courts should consider "both the statutory provisions of 28 U.S.C. § 1367(c) and the balance of the relevant factors of judicial economy, convenience, fairness, and comity."[12] The statutory factors include (1) whether the claim raises a novel or complex issue of State law, (2) whether the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) whether the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, whether there are other compelling reasons for declining jurisdiction.[13]

The Court finds no reason to retain supplemental jurisdiction over this matter. Defendants argue that fairness and equity militate in favor of maintaining jurisdiction because Plaintiff did not move for remand until after this Court denied its request for a temporary restraining order. The Court

---

[11] *See Bass v. Parkwood Hosp.*, 180 F.3d 234, 247 (5th Cir. 1999); *Petroleum v. Dresser Indus.*, 962 F.2d 580, 585 (5th Cir. 1992).
[12] *Batiste v. Island Records Inc.*, 179 F.3d 217, 227 (5th Cir. 1999).
[13] 28 U.S.C. § 1367 (c).

does not find this to be grounds for retaining jurisdiction. Upon removal, Plaintiff filed its Motion for Temporary Restraining Order and Motion to Remand on the same day. The Court declined to issue a temporary restraining on procedural grounds and set the matter for a preliminary injunction hearing in the coming weeks. At no point has it issued a ruling on the merits of the case. Plaintiff has not lain in the gap only to move for remand following an adverse ruling after substantial litigation.

Defendants also argue that remand is favored because Plaintiff has attempted to manipulate the forum by eliminating its federal question claims. The Court finds that there is at least as much evidence, if not more, that Defendants have also engaged in forum manipulation. This matter was clearly removable at the time of filing. Instead of promptly removing the matter, Defendants elected to conduct substantial proceedings in state court prior to filing a notice of removal. Only after receiving unfavorable rulings from the state trial court did Defendants remove the action. Accordingly, this factor is at best neutral.

Judicial economy favors remand, as the state court has gained great familiarity with this matter through substantial proceedings prior to removal.[14] Additionally, the matter involves the disposition of complex issues of state law relative to contract bidding that the state court is better equipped to handle. As the Court has previously noted, there are no remaining claims within its original jurisdiction. The Court therefore declines to exercise its supplemental jurisdiction over the remaining state law claims, and the matter is remanded.

---

[14] This is evidenced by the fact that the pre-removal state court record exceeds 1,500 pages.

## CONCLUSION

For the forgoing reasons, Plaintiff's Motion to Remand is **GRANTED**. This matter is **REMANDED** to the Civil District Court for the Parish of Orleans.

New Orleans, Louisiana this 23rd day of May, 2017.

_____
**JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE**